UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>                    Plaintiff,<br><br>          v.<br><br>AUDREY KING, et al.,<br><br>                    Defendants. | Case No.  1:13-cv-0823-AWI-MJS<br><br>FINDINGS AND RECOMMENDATION TO:<br><br>GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 23)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

## I.     PROCEDURAL HISTORY

Plaintiff is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (ECF Nos. 1 & 4.)  The action proceeds on Plaintiff's First Amended Complaint against Defendants King, Cunningham, and Saloum for the violation of Plaintiff's Fourteenth Amendment rights.  (ECF Nos. 8 & 10.)

Before the Court is Defendants' October 17, 2014 motion for summary judgment.  (ECF No. 23.)  Plaintiff filed an opposition (ECF No. 25.) and Defendants replied (ECF No. 26.).  The matter is deemed submitted.  Local Rule 230(l).

## II.   LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III.   FACTUAL BACKGROUND

On April 27, 2013, Mr. Jackson, a fellow civil detainee at Coalinga State Hospital ("CSH") assaulted Plaintiff. Plaintiff had not complained to Defendants or staff at CSH about Mr. Jackson before the attack because he was afraid he would suffer consequences if he "ratted" on Mr. Jackson. (ECF No. 25 at 2.)

2

Defendant Saloum assessed Mr. Jackson when he first arrived at CSH in February 2013 and concluded that he did not present a threat to himself or others.  On March 7, 2013 and April 4. 2013, a team of mental health professionals also assessed Mr. Jackson and concluded that he was a low threat to himself and others.

Plaintiff contends that sometime before the attack, Defendant Cunningham asked Plaintiff whether Jackson was threatening him, and, because of fear of Jackson, Plaintiff responded by denying any threat.  Defendant Cunningham asserts that she did not know of Mr. Jackson bullying Plaintiff prior to the assault.  Mr. Jackson was not her patient.

Another detainee at CSH, Sam Consiglio, submitted a written complaint to Defendant King in March 2013 regarding an unnamed bully in his unit.  According to Defendant King, she did not become aware of this letter until June 5, 2013, and she did not learn of the assault on Plaintiff until after it occurred.

## IV.   DISCUSSION

### A.   Failure to Protect

Civil detainees retain greater liberty protections than individuals detained under criminal process and are "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).  Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts. *Id.* at 933.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests." *Id.* at 321.  Due process requires that a civil detainee receive care that is professionally acceptable. *Id.* A "decision, if made by

3

a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323.  The professional judgment standard is an objective standard, and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotations omitted).

### 1.    Parties' Arguments

Defendants argue that Defendants Saloum and Cunningham were not consciously indifferent or grossly negligent in not taking action with respect to Mr. Jackson.  They assert that Defendant Saloum and the mental health team exercised professional judgment in determining that Mr. Jackson was not violent and was a low threat to others.  Plaintiff has admitted that he did not feel threatened by Mr. Jackson or complain to staff prior to the assault.  Defendant King had no knowledge of Plaintiff or Mr. Jackson prior to the incident.

Plaintiff contends that Defendants' conclusion that Mr. Jackson was a low threat contradicts exhibits characterizing him as violent and lacking impulse control. Defendants know that one's past history is the best indicator of future conduct. Additionally, Sam Consiglio's complaint to Defendant King put her on notice of a threat prior to the assault.

### 2.    Analysis

The undisputed evidence demonstrates that none of the Defendants knew, could predict, or should have anticipated that Mr. Jackson was a threat to Plaintiff or would attack Plaintiff.   Defendant Saloum and the mental health professional teams determined that Mr. Jackson presented  a low risk for violence.  Plaintiff's opinion to the contrary based on Mr. Jackson's prior history and violent acts towards others is

4

insufficient to create a genuine issue of material fact.  Plaintiff is not an expert qualified to render such opinions before this Court.  He has not provided any evidence from a qualified source to refute Defendants' evidence that they exercised reasonable professional judgment in assessing Mr. Jackson.   *See* Fed. R. Evid. 701 (where a witness is not testifying as an expert, his opinion testimony is limited to one based on his perception rather than one based on scientific knowledge).

Prior to the assault, Plaintiff did not tell any Defendant he felt threatened by Mr. Jackson or request action be taken to protect him from  Mr. Jackson.[1]  (ECF No. 23-3 at 8-9.)  Based on the record before the Court, there is no evidence that Defendants were aware of, or could or should have been aware of, any threat by Mr. Jackson to Plaintiff's safety prior to April 27, 2013 or that they failed to provide professionally acceptable care in that regard.   Accordingly, summary judgment should be GRANTED in favor of Defendants.

## V.    CONCLUSION AND RECOMMENDATION

The Court finds that there is no genuine issue of material fact as to Defendants liability.  Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 23.) be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

---

[1] Plaintiff's response to Defendants' motion suggests he might now want to dispute the evidence that he failed to inform Defendants of Mr. Jackson posing a threat to him.  (ECF No. 25 at 2-4.) Plaintiff testified at his deposition that he did not inform Defendants.  He cannot now create a genuine issue of material fact by arguing the contrary.  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (*quoting Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).

and filed within **fourteen** (14) days after service of the objections.   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 6, 2015            /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE

6