IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT D. MIX**, | 1:13-cv-823-AWI-MJS |
| Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| v. | **MOTION FOR RECONSIDERATION** |
| **AUDREY KING, Executive Director, CSH; LINDSEY CUNNINGHAM, Psychologist, CSH; DR. SALOUM, Psychiatrist, CHS**, | |
| Defendants. | |

Defendants Dr. Cunningham and Dr. Saloum sought relief from this Court's September 29, 2015 order (Doc. 33), insofar as it denied Defendants' motion for summary judgment based, in part, on information provided for the first time in Plaintiff's objections to the Magistrate Judge's Findings and Recommendations. The Court denied that motion but noted that Defendants were permitted to file a motion for reconsideration. Defendants have filed such a motion, Plaintiff has opposed that motion, Defendants have replied, and Plaintiff has filed two additional responsive documents that the Court construes as surreplies. This matter is ripe for adjudication.

**A. Preliminary Procedural Matters**

Parties do not have the right to file surreplies on motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). However, district courts have the discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d

1

1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply).

In this instance, the Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing, beyond the motion, opposition, and reply, authorized by the Local Rules. Accordingly, the surreplies will not be considered in this order.

Next, the Court notes that Defendants object to Plaintiff's first five exhibits on hearsay and authentication grounds. *See* Doc. 44-1. Defendants' objections are not well taken for several reasons. First, as to the authenticity objections, Courts generally view objections based on authentication skeptically in the absence of an indication that the document's authenticity is genuinely in dispute, *Chamberlain v. Les Schwab Tire Center of California, Inc.*, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012) *Burch v. Regents of the University of California*, 433 F.Supp.2d 1110, 1120-1121 (E.D. Cal. 2006), and objections to prison records which are clearly what they purport to be are routinely overruled under Rule 901(b)(4), *see, e.g.*, *Thomas v. Quintana*, 2014 WL 5419418, at *3 (C.D. Cal. Oct. 22, 2014) (official Bureau of Prisons logs and records maintained in the ordinary course of business); *Howard v. Wang*, 2014 WL 3687728, at *3 (E.D. Cal. Jul. 24, 2014) (prison records maintained in inmate's central and medical files), findings and recommendations adopted in full, 2014 WL 5483739 (E.D. Cal. Nov. 19, 2014); *Abdullah v. CDC*, 2010 WL 4813572, at *3 (E.D. Cal. Nov. 19, 2010) (finding no objection for lack of foundation and authentication unavailing where the records were from the plaintiff's prison file and they were created and maintained by prison officials), findings and recommendations adopted in full, 2011 WL 489599 (E.D. Cal. Feb. 7, 2011); *Sanchez v. Penner*, 2009 WL 3088331, at *5 (E.D. Cal. Sept. 22, 2009) (overruling lack of foundation and proper authentication objections to prison medical records submitted by the plaintiff). Plaintiffs first five attachments – (1) a Coalinga State Hospital risk classification policy statement, (2 and 3) psychologist notes from a Coalinga State Hospital psychologist, (4) the letter written by Sam Consiglio to Audrey King, and (5) Ms. King's response – appear to all be either documents

authored by Coalinga State Hospital or provided in discovery. There can be no serious dispute as to the authenticity of any of those documents.

As to the hearsay objections, "at summary judgment, 'a party does not necessarily have to produce evidence in a form that would be admissible at trial.'" *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001). Instead, the focus is upon the admissibility of the content of the evidence, not its form. *Fonseca v. Sysco Food Services of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004). Defendants have not attempted to explain how the content of any of Plaintiff's first five exhibits would be inadmissible hearsay if introduced by an appropriate witness.[1]

**B. Legal Standard for Reconsideration**

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

Reconsideration of motions and alterations or amendments of prior orders may also be granted under Federal Rule of Civil Procedure 59(e). Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or

---

[1] The Court does not now determine whether those documents or the content thereof is actually admissible at trial. Moreover, as discussed *infra*, in moving for reconsideration it is the moving party's burden to present evidence. The Court determined in its prior order – based in part on declarations by patients at Coalinga State Hospital offered under penalty of perjury – that a dispute existed as to whether Defendants Cunningham and Saloum were aware of and indifferent to a substantial risk of serious injury to Plaintiff. In order to overcome that conclusion, the evidence that the Court relied upon must have been inadmissible or misconstrued. Defendants do not argue that either was the case. Even assuming that the content of Plaintiff's exhibits would be inadmissible at trial, the content of those documents have no impact on this order.

the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood*, 759 F.3d at 1121.

**C. Discussion**

Defendants introduce their motion by indicating "it is undisputed that two doctors assessed Mr. Jackson as a low risk, there were not previously reported incidents at Coalinga State Hospital involving Mr. Jackson, Plaintiff … denied feeling threatened by Mr. Jackson[,] and no one informed defendant Drs. Saloum and Cunningham that Mr. Jackson was a threat." Doc. 42 at 1. This proposition stands contrary to the Court's prior finding. The Court noted testimony by civil detainee Sam Consiglio:

> [On] April 28, [– the day after Plaintiff was assaulted – Consiglio] met with Dr. Cunningham and Dr. Saloum … [and] both admitted … that they kn[e]w about [the declarant's] written warnings to … Audrey King regarding Patient Jackson. They also claimed to know about the verbal warnings [Consiglio] made to numerous other staff members concerning Jackson including speaking with Rudy Chavez….

Doc. 34 at 4 (citing Declaration of Sam Consiglio, Doc. 31 at 36-38). The Court further explained that this statement created a dispute as to whether Defendants Saloum and Cunningham knew that Mr. Jackson was violent and a threat to other patients prior to the attack on Plaintiff. Defendants have presented nothing to convince the Court that its prior conclusion was in error.

To the extent that Defendants contend that a psychologist's or other medical expert's opinion that a civil detainee is not dangerous should be conclusive – as a matter of law – on the question of whether a defendant was deliberately indifferent to an excessive risk of harm to a plaintiff, the Court rejects that argument. The Fourteenth Amendment applies to failure to protect claims by unconvicted detainees. *Lolli v. County of Orange,* 351 F.3d 410, 415 (9th Cir. 2003). Although a detainee is generally entitled to a higher level protection than a convicted prisoner, neither the Ninth Circuit nor the Supreme Court have applied a higher standard to unconvicted

detainees than the Eighth Amendment deliberate indifference standard which applies to prisoners, *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010); in failure-to-protect cases, the deliberate indifference standard is the "floor for th[e] [rights] that must be afforded to" civil detainees, *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), summarily reversed on other grounds by *Hunter v. Hydrick*, 556 U.S. 1256 (2009). *See also*, *Castro v. County of Los Angeles*, 797 F.3d 654, 664-665 (9th Cir. 2015) (holding that the deliberate indifference standard applies to failure-to-protect claims under either the Fourteenth or the Eighth Amendment) *review granted en banc*, 2015 WL 9596184 (9th Cir. Dec. 28, 2015). Under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from assaults at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. *Id*. at 834.

The parties have submitted evidence detailing differing accounts of whether Mr. Jackson was violent and whether prison officials knew of and were indifferent to the risk of harm. A psychologist's initial assessment that a detainee is not dangerous is a piece of evidence, not conclusive evidence that a plaintiff did not face a substantial risk serious harm. That conclusion holds especially true where the non-party psychologist is alleged to have ignored or have been unaware of later complaints that the detainee regularly exhibited violent behavior and the defendant psychologist is also alleged to have ignored later complaints of the detainee's violent behavior. Defendants have not shown entitlement to summary judgment.

**D. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   January 20, 2016                              _____
                                                                          SENIOR  DISTRICT  JUDGE