UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>             Plaintiff,<br><br>     v.<br><br>AUDREY KING, et al.,<br><br>             Defendants. | CASE NO. 1:13-cv-00823-AWI-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES**<br><br>**(ECF No. 51)** |

### I. INTRODUCTION

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. The claims arise from allegations that Defendants failed to protect Plaintiff from an assault by fellow detainee William Jackson.

Before the Court is Plaintiff's February 1, 2015 motion for the attendance of incarcerated witnesses at trial. Defendants filed no opposition and the time for doing so has passed.

### II. PLAINTIFF'S MOTION

Plaintiff seeks to have detainees Sam Consiglio, Scott Flint, and Kenneth D'Agostini made available to testify at trial. He attests that all three witnesses informed

him on January 1, 2016 that they are willing to testify voluntarily. He states that each of the proposed witnesses "has firsthand, eyewitness knowledge of events that transpired leading up to the assault of Plaintiff's person and have materials facts that will be presented at trial." Plaintiff provides no further detail regarding the proposed testimony, but refers the Court to sworn declarations previously submitted by each of the proposed witnesses.

The Court presumes that Plaintiff is referring to declarations submitted along with his objections to the findings and recommendations to grant Defendants' motion for summary judgment. (ECF No. 31.) Therein, Plaintiff's proposed witnesses attested as follows.

Sam Consiglio states that he witnessed threats and assaults by Jackson on fellow detainees. Consiglio spoke with staff and the Unit Advisory Council regarding his concerns about Jackson without result. On March 24, 2013, he wrote to Audrey King, Executive Director of Coalinga State Hospital, to warn her about Jackson. King did not respond until June 5, 2013. In the meantime, on April 27, 2013, Jackson attacked Plaintiff in the dorm Plaintiff and Consiglio shared. Consiglio did not see the attack but heard the altercation and found Plaintiff injured. The next day, Consiglio spoke with Defendants, who told Consiglio they were aware of his prior complaints about Jackson.

Flint states he observed Jackson attacking fellow patients and also heard other patients complaining about Jackson. He told the patients to write up their complaints; all but Consiglio refused. From February through April 2013, Flint relayed concerns about Jackson to unit staff. These concerns were raised at the Unit Advisory Council and Civil Detainees' Advisory Council. Flint understood that the unit psychologists (i.e. Defendants) were made aware of his concerns and that they were being dealt with. Flint was on the unit during the April 27, 2013 attack on Plaintiff, heard the commotion, and saw Plaintiff's injuries.

D'Agostini states that Jackson threatened him on February 20, 2013, as well as on other occasions. D'Agostini told staff about the threats and also brought it up during his team meeting with no result.

### III.  LEGAL STANDARD

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

### IV.  DISCUSSION

The proposed witnesses have information relevant to the determination of whether Defendants knew of a threat to Plaintiff's safety from Jackson. Indeed, the declarations discussed herein were relied on by the District Judge in concluding that disputed issues of fact precluded summary judgment. Their testimony may be critical to the jury's determination of whether Defendants had such knowledge, and therefore will substantially further resolution of the case.

### V.  CONCLUSION

Based on the foregoing, Plaintiff has made a sufficient showing to warrant making these witnesses available to testify at trial.

Accordingly, his motion is HEREBY GRANTED. The Court will separately issue Writs of Habeas Corpus ad Testificandum for Detainees Consiglio, Fleet, and D'Agostini.

IT IS SO ORDERED.

Dated:   February 12, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE