UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY KING, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-00823-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>**(ECF No. 48)** |

## I.   INTRODUCTION

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. The claims arise from allegations that Defendants failed to protect Plaintiff from an assault by fellow detainee William Jackson.

Discovery in this action closed on August 10, 2014. (ECF No. 15.) The matter is set for a pre-trial conference on March 7, 2016, and trial on April 26, 2016. (ECF No. 35.)

Before the Court is Plaintiff's January 15, 2016 motion to reopen discovery. (ECF No. 48.) Defendants filed an opposition. (ECF No. 50.) Plaintiff filed no reply. The matter is deemed submitted. Local Rule 230(*l*).

## II. PARTIES' ARGUMENTS

Plaintiff claims that the injuries he sustained during the incident at issue in this case affected his ability to participate in discovery. Plaintiff asserts he suffered a concussion, headaches, and was limited in functioning for two years. During this time, he was unaware that he could pursue discovery from Defendants.

Plaintiff claims that certain documents have not been provided to him: photographs taken of his injuries, specified medical records, and reports written by the "DPS Office of Special Investigations" and given to the district attorney in conjunction with the prosecution of Mr. Jackson in relation to the attack. Plaintiff also seeks access to Mr. Jackson's medical file based on Plaintiff's belief that it contains notes regarding other inmates who felt threatened by Jackson. Plaintiff presumably intends for such records to demonstrate that Defendants knew Jackson posed a threat to Plaintiff.

Defendants argue that Plaintiff has not presented good cause for reopening discovery. They point to Plaintiff's July 24, 2014 deposition, in which Plaintiff stated there was no reason he could not give his full testimony. Furthermore, since the close of discovery, Plaintiff has opposed Defendants' motion for summary judgment, replied to the findings and recommendations, opposed Defendants' motion for reconsideration, and filed various motions for extensions of time. They characterize Plaintiff's claims of inability as disingenuous.

Defendants object to an absence of any showing how the proposed discovery is relevant, and they suggest that some of it – specifically Mr. Jackson's medical records – is not discoverable under HIPAA. Furthermore, even if Mr. Jackson's medical records showed that Jackson had made threats against other inmates; such threats would constitute prior bad acts and not likely be admissible. Finally, Plaintiff has access to his own medical records, and has not stated that efforts to access them himself were frustrated.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Requests for extensions of time brought on or after the applicable deadline are looked upon with disfavor. See Local Rule 144(d).

### IV.    DISCUSSION

The Court agrees with Defendants that Plaintiff's submissions reflect that Plaintiff was capable of appropriately filing and responding to motions. Additionally, the Court notes that the District Judge assigned to the case allowed Plaintiff to file, on July 27, 2015, a supplemental opposition to Defendants' motion for summary judgment due to the same injuries claimed herein. (ECF No. 34.) Plaintiff apparently believed he was able to prepare an adequate opposition as of that date; he does not explain the nearly six month delay between that date and the filing of the instant motion to reopen discovery. Thus, although Plaintiff's injuries may have initially provided good cause for extending the discovery deadline, they do not present good cause at this late date.

Furthermore, the Court notes that the proposed discovery is not the only means available to Plaintiff to prove his case. The Court has granted Plaintiff's motion for the attendance of incarcerated witnesses. As Defendants point out, Plaintiff may access his own medical records. Although the proposed discovery may have some relevance to Plaintiff's case, he is not unduly prejudiced by his own decision not to diligently pursue discovery until after the matter was set for trial.

**V.     CONCLUSION**

Based on the foregoing, Plaintiff's motion to reopen discovery (ECF No. 48) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:     February 19, 2016                    /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE

4