UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT D. MIX,

Plaintiff,

v.

AUDREY KING, et al.,

Defendants.

CASE NO. 1:13-cv-00823-AWI-MJS (PC)

**ORDER REGARDING DISCOVERY**

**ORDER DENYING MOTION THAT THE COURT PROVIDE DOCUMENTS DENIED PLAINTIFF**

**(ECF No. 74)**

**TWENTY-ONE (21) DAY DEADLINE**

The Court has conducted an in camera review of Defendants' discovery documents provided following a telephonic discovery dispute conference and herein rules on their production. Also before the Court is Plaintiff's motion requesting that the Court provide documents that Plaintiff has been denied. (ECF No. 74.)

## I. PROCEDURAL HISTORY

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. The claims arise from allegations that Defendants failed to protect Plaintiff from an assault by fellow detainee William Jackson.

Discovery in this action closed on August 10, 2014. (ECF No. 15.) The matter initially was set for trial on April 26, 2016 (ECF No. 35), but was continued by agreement of the parties to July 6, 2016 due to the unavailability of defense counsel (ECF No. 70), and trial eventually was vacated due to defense counsel's sudden and unexpected death (ECF No. 79). No new trial date has been set.

Following the close of discovery, Plaintiff sought to reopen discovery through a series of motions. (ECF Nos. 48, 58, 62, 63.) The first of these was denied on the ground that Plaintiff failed to show he had pursued discovery with the requisite diligence. (ECF No. 55.) On March 22, 2016, the Court issued a further minute order regarding the specific discovery requests contained in Plaintiff's motions. (ECF No. 66.) Therein, the parties were ordered to meet and confer and attempt to resolve, without Court intervention, issues regarding Plaintiff's access to his own medical records. Defense counsel was ordered to provide to the Court, for in camera review, law enforcement records relating to the incident at issue and certain medical records concerning detainee Jackson. The parties were ordered to appear telephonically at a discovery dispute conference on March 31, 2016.

On March 24, 2016, defense counsel responded to the minute order stating that, despite a diligent effort to comply, no responsive documents were identified. (ECF No. 68.) However, defense counsel later notified the Court that responsive law enforcement documents had been identified and were being sent to the Court for in camera review. The documents did not arrive prior to the March 31, 2016 conference.

At the conference, the Court denied Plaintiff's general discovery requests, in part due to Plaintiff's lack of diligence as previously stated, and in part because some of the requests, such as his request pursuant to the Freedom of Information Act, were legally unfounded. Nevertheless, in order to ensure that potentially relevant evidence was available for presentation at trial, the Court addressed Plaintiff's more specific requests regarding his own medical records, Jackson's medical records, and law enforcement

records regarding the incident at issue. These requests are discussed in more detail below.

Following the conference, Plaintiff filed a motion requesting the Court provide him with documents denied him by Defendants. (ECF No. 74.) Defendants filed objections (ECF No. 76), and Plaintiff filed a response (ECF No. 77).

## II. PLAINTIFF'S ACCESS TO HIS OWN MEDICAL RECORDS

At the telephonic discovery dispute conference, the Court addressed Plaintiff's claimed lack of access to his complete medical record. Despite Plaintiff having received voluminous medical records from defense counsel, there seemed to be some confusion amongst the parties as to what, precisely, constituted Plaintiff's medical record and what that record should contain. Defense counsel was ordered to confer with the Department of State Hospitals and Coalinga State Hospital to determine whether Plaintiff had received all of his medical records. To the extent he had not, defense counsel was ordered to provide such records to Plaintiff. Plaintiff was afforded until April 13, 2016 to notify the Court of his dissatisfaction, if any, with defense counsel's response.

Defense counsel later advised the Court that Plaintiff believed his medical records to be complete, aside from photographs of his injuries that Plaintiff thought should be contained therein. However, according to defense counsel and Coalinga State Hospital, Plaintiff's medical records contain no photographs. Plaintiff has not indicated to the Court any dissatisfaction regarding these records, aside from his request for photographs. The Court notes that photographs of Plaintiff's injuries are contained in law enforcement records and are discussed below. Accordingly, the Court views this issue as having been resolved.

## III. LAW ENFORCEMENT RECORDS AND PHOTOGRAPHS

Defendants submitted for in camera review law enforcement records regarding the incident at issue and accompanying photographs of Plaintiff and inmate Jackson following the assault.

The Court has reviewed the photographs and determined that they are relevant to Plaintiff's case. The Court sees no reason why the photographs should not be produced to Plaintiff. Defendants will be ordered to do so.

The Court also has reviewed the law enforcement records pertaining to the assault on Plaintiff by detainee Jackson. These consist of incident reports and supplemental incident reports from the Department of State Hospitals' Coalinga Police Services. The reports are investigatory in nature. The records are minimally relevant to this action in that they primarily contain various eyewitness accounts of the incident between Plaintiff and Jackson. However, it is undisputed that Jackson assaulted Plaintiff at Coalinga State Hospital on April 27, 2013. The details of the assault are not particularly relevant to Plaintiff's claims.

The primary disputed issue in this action is whether Defendants knew or had reason to know, prior to the assault, that Jackson presented a danger to other detainees at Coalinga State Hospital. There is nothing in the law enforcement records to indicate Defendants – or for that matter, other staff – had such knowledge. Indeed, several witness statements tend to contradict Plaintiff's contentions that Jackson was a known risk. There is some discussion in the records concerning an Interdisciplinary Note regarding general statements of frustration made by Jackson on April 4, 2013 as overheard by detainee Sam Consiglio. However, the records indicate that Consiglio did not report these statements to staff. Additionally, Plaintiff has identified Consiglio as a voluntary witness in this action and the Court has granted Plaintiff's motion to make Consiglio available to testify at trial. Accordingly, Plaintiff may establish these facts through Consiglio's own testimony.

Finally, the Court notes that the law enforcement records contain a wealth of information that is confidential in nature (full names, birth dates, social security numbers, and other personal identifying information regarding hospital staff and detainees) or information that could jeopardize institutional safety and security and the investigatory

process (confidential, and somewhat sensitive statements made by detainees to law enforcement).

In light of the foregoing, the Court will not order Defendants to produce these investigatory records to Plaintiff. The records have minimal relevance and are unlikely to be of much, if any, benefit to Plaintiff. On the other hand, disclosure has the disadvantage of exposing sensitive statements made in confidence to law enforcement to Plaintiff and, potentially, other detainees at Coalinga State Hospital. In these circumstances, the balance weighs against disclosure. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033–34 (9th Cir. 1990) ("To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.")

## IV. DETAINEE JACKSON'S MEDICAL RECORDS

Plaintiff contends that Jackson's medical records will reflect (1) that Jackson had a history of threatening other detainees at Coalinga; (2) that Jackson had a history of attacking "whites," and (3) that Jackson had a history of violence, generally. Defendants contend that Jackson's medical records do not support these contentions.

The Court has conducted an in camera review of the records and agrees with Defendants. There is no record in the medical file, including the Interdisciplinary Notes referenced by Plaintiff, of Jackson having threatened other detainees. Although there is a single Interdisciplinary Note from March 10, 2013 indicating that Jackson and his peers were engaged in a loud verbal dispute, there is no indication that the dispute involved threats and, in any event, the note reflects that Jackson exited the room and no further incident was noted.

The only other indications of violence contained in the medical file are the passing references to Jackson's underlying offenses and his disciplinary actions while incarcerated. This information, although potentially relevant,[1] already was made

[1] The Court notes that this information is presently the subject of a motion in limine. (ECF No. 69.)

available to Plaintiff through Defendant's motion for summary judgment. (ECF No. 23-7.) No greater detail regarding these incidents is contained in the medical records.

Accordingly, the Court finds no basis for disclosure of Jackson's medical records.

## IV. PLAINTIFF'S MOTION FOR DOCUMENTS

Following the telephonic discovery dispute conference, Plaintiff filed a motion requesting that the Court provide him with documents denied him by Defendants. Plaintiff states that the motion is filed in compliance with the April 13, 2016 deadline for alerting the Court to deficiencies in Defendants' production of documents following the conference. He provides a lengthy list of discovery items he wishes to receive, including photographs, specified portions of Jackson's medical records, internal administrative directives and investigatory reports, emails, and other notes and exchanges by and between various personnel.

As Plaintiff acknowledges in his response to Defendants' objections (ECF No. 77), his motion misapprehends the Court's ruling. The Court required only that defense counsel ensure that Plaintiff had a complete copy of his own medical records. (ECF No. 70.) Plaintiff raises no objections in this regard.

To the extent Plaintiff seeks additional discovery not already addressed herein, his request will be denied. The Court notes that much of the information sought by Plaintiff, particularly that pertaining to events after the assault at issue here, has no apparent relevance. In any event, the Court already has twice denied Plaintiff's wholesale requests to reopen discovery. Plaintiff provides no basis for revisiting those decisions.

## V. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants shall, within twenty-one (21) days of the date of this order, produce to Plaintiff all photographs associated with the Department of

State Hospitals' Coalinga Police Services investigation into the April 27, 2013 incident at issue in this case; and

2. Plaintiff's motion requesting the Court provide documents denied him by Defendants is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2016

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE