UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY KING, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-00823-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO RESET SCHEDULING**<br><br>**(ECF No. 89.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO   ACCEPT EXHIBIT**<br><br>**(ECF No. 90)** |

　　　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. Trial is set for January 10, 2017.

　　　　On June 30, 2016, Plaintiff filed a motion asking the Court to "reset" the scheduling order to allow Plaintiff to "submit new declarations and evidence he wishes to present at trial." (ECF No. 89.) Defendants filed no opposition and the time for doing so has passed. The matter is submitted.

Then on July 11, 2016, Plaintiff filed a motion requesting that the Court accept for filing a declaration signed by a fellow detainee at Coalinga State Hospital. (ECF No. 90.) Although the time has not run for Defendants to file an opposition, the Court finds this motion capable of resolution without a response from Defendants on the same ground as Plaintiff's June 30, 2016 motion.

Plaintiff's motions will be denied. The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question, for example, on a motion for summary judgment or at trial. The District Judge will hold a pretrial conference in this case on November 4, 2016 and, in conjunction with that conference, will issue a pretrial order advising Plaintiff of the date by which he must submit his exhibits to the Court.

To the extent Plaintiff wishes to proffer evidence not identified in his prior pretrial statement (ECF No. 52), he must file an amended pretrial statement as directed in the Court's June 6, 2016 scheduling order (ECF No. 87). To the extent Plaintiff intends to seek the attendance of additional incarcerated or unincarcerated witnesses, he must follow the instructions in the June 6, 2016 order.

Defendants will have an opportunity to object to Plaintiff's proposed evidence prior to trial and may object to Plaintiff's late disclosure of evidence and witnesses. Plaintiff is advised to submit his proposed evidence to Defendants at the earliest opportunity. Plaintiff need not, **and indeed should not**, submit such evidence to the Court unless and until directed to do so.

Lastly, the Court cautions Plaintiff that the declaration submitted with his motion does not appear to contain relevant or admissible evidence. The District Judge in this action will make an ultimate determination regarding admissibility of evidence proffered at trial. Nevertheless, Plaintiff is here put on notice that the declaration he submitted bears no relation to any fact of consequence in this action and appears designed primarily to disparage Defendant Saloum's character and qualifications. Such evidence

generally is inadmissible. Fed. R. Evid. 404(a)(1). Plaintiff may be better served by focusing his attention on the disputed issue of whether Defendants actually knew Plaintiff was at risk of being assaulted by a fellow detainee.

IT IS SO ORDERED.

Dated:   July 22, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE