UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>    Plaintiff,<br><br>v.<br><br>AUDREY KING, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-00823-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 92.)**<br><br>**CLERK TO RETURN COMPACT DISC LODGED AUGUST 31, 2016 TO PLAINTIFF**<br><br>**CLERK TO SEND PLAINTIFF COPIES OF ECF Nos. 35 AND 87**<br><br>**FOURTEEN (14) DAY DEADLINE FOR FILING AMENDED PRETRIAL STATEMENT** |

**I.   PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. The allegations arise out of an April 27, 2013 incident in which Plaintiff was attacked by Mr. Jackson, a fellow detainee at Coalinga State Hospital. Trial is set for January 10, 2017.

On June 30, 2016, Plaintiff filed a motion asking the Court to "reset" the scheduling order to allow Plaintiff to "submit new declarations and evidence he wishes to present at trial." (ECF No. 89.) The motion was denied by the assigned Magistrate Judge on July 22, 2016. (ECF No. 91.) Before the Court is Plaintiff's August 31, 2016 motion for reconsideration. (ECF No. 92.) Although Defendants have not had an opportunity to respond to the motion, the Court finds the motion capable of resolution absent input from Defendants.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

## III.  MAGISTRATE JUDGE'S ORDER

The Magistrate Judge declined to "reset" the scheduling order on two grounds. First, the Magistrate Judge noted that the Court cannot serve as a repository for the parties' evidence and denied Plaintiff's request to file evidence with the Court in advance of any pretrial deadlines. Second, the Magistrate Judge noted that Plaintiff had been directed to describe any additional evidence he wished to present in an amended pretrial statement to be filed by September 9, 2016. Accordingly, Plaintiff already had been afforded a mechanism to resolve the concerns raised in his motion.

//

//

**IV.    MOTION FOR RECONSIDERATION**

Plaintiff's motion does not describe any error in the Magistrate Judge's order. This alone is basis for denying the motion for reconsideration.

Additionally, Plaintiff does not request any specific relief. It is not apparent what Plaintiff hopes to accomplish through his motion. He does not request an extension of time to file his amended pretrial statement, although the deadline for doing so passed on September 9, 2016. Nor does he provide cause for such an extension. He asks only to be allowed to present new, "relevant information." As the Magistrate Judge correctly stated, Plaintiff's opportunity to present evidence is at trial. There is presently no basis for Plaintiff to submit information or evidence to the Court in support of his claims.

The Court will briefly address the "extraordinary circumstances" Plaintiff sets out in his motion.

Plaintiff first contends that a staff person at Coalinga State Hospital ("CSH") informed Plaintiff that Plaintiff is receiving substandard health care in retaliation for filing the instant action. However, said staff person was unwilling to testify until after his retirement, which apparently occurred in August 2016. The Court notes that the instant action does not involve claims of retaliation or inadequate medical care. If Plaintiff wishes to pursue such allegations, he must do so in a separate action. To the extent Plaintiff claims that this staff person is willing to testify as to a matter relevant to this action, Plaintiff is advised, again, that he must identify this individual as a witness in his pretrial statement and, to the extent the individual is unwilling to testify voluntarily, must pay the statutory witness fees. Plaintiff is again referred to the Court's October 6, 2015 and June 6, 2016 scheduling orders for further instruction in that regard.

Plaintiff next contends that another detainee at CSH made secretive recordings of CSH staff from 2012 to 2015. These recordings were confiscated but then returned to the patient. In such recordings, an unnamed Psych Tech reportedly states that CSH staff is forbidden from taking the side of a detainee against a staff member. Plaintiff has had

difficulty obtaining further information because he and the detainee in possession of the recordings are unfriendly. Plaintiff does not state the relevance of this information to this action or to his motion for reconsideration. Such recordings likely are inadmissible in this action; nevertheless, to the extent Plaintiff wishes to admit them at trial, he must list them in his pretrial statement. Plaintiff again is admonished not to submit evidence to the Court until ordered to do so. The CD of audio recordings submitted with the motion will be returned to Plaintiff.

Plaintiff's third contention is that Psych Tech Christina Garcia has information regarding the assault and Mr. Jackson, but will not testify unless subpoenaed to do so. Plaintiff disagrees with the requirement that he pay statutory witness fees for her presence. Plaintiff again is referred to the October 6, 2015 and June 6, 2016 scheduling orders. The Court has no means to compel Ms. Garcia's presence absent Plaintiff's payment of the applicable witness fees. Furthermore, to the extent Plaintiff wishes to disparage the credentials or credibility of the Psych Techs that Defendants wish to call as witnesses, Plaintiff may attempt to do so at trial. Such matters are not properly before the Court at this time.

Plaintiff next claims that his social worker and psychologist wrote negative reports about Plaintiff in retaliation for filing the instant action. Again, Plaintiff is reminded that this action does not proceed on a claim of retaliation. If Plaintiff wishes to pursue such allegations, he must do so in a separate action.

Plaintiff's next argument is difficult to discern. He appears to assert a conflict of interest on the part of the Attorney General's Office. To the extent such conflict is based on the Attorney General's handling of complaints regarding medical or elder abuse, Plaintiff again is reminded that this action proceeds on a single claim of failure to protect and does not involve any state law claims.

Plaintiff next complains of delays relating to his receipt of legal mail. He states that he did not receive the Magistrate Judge's order denying his motion to "reset"

deadlines until August 25, 2016. However, that motion did not specifically request an extension of time to file a pretrial statement, and it therefore is unclear how such delay interfered with Plaintiff's ability to timely file his amended pretrial statement.

Lastly, Plaintiff appears to believe he has missed a July court deadline. He has not.

## V. CONCLUSION

For the reasons stated, Plaintiff's motion for reconsideration will be denied. Plaintiff is once again admonished not to submit evidence to the Court absent further order.

The Court will provide Plaintiff one final opportunity to file an amended pretrial statement. To the extent Plaintiff wishes to introduce at trial evidence or witness testimony not included in his prior pretrial statement, he must include such in his amended pretrial statement. He must move for the attendance of his anticipated witnesses by following the procedures set out in the Court's October 6, 2015 order. The Court will direct the Clerk of Court to send Plaintiff copies of its October 6, 2015 and June 6, 2016 scheduling orders for Plaintiff's reference.

If difficulties with the legal mail system prevent Plaintiff from filing a pretrial statement in the time allotted, Plaintiff may move for an extension of time. Such a motion must be supported by a showing of good cause.

If Plaintiff fails to file an amended pretrial statement or any further witness motions as required in this order, he will be limited to presenting evidence and witnesses described in his February 1, 2016 pretrial statement.

## VI. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 92) is DENIED;
2. Plaintiff shall file an amended pretrial statement within fourteen days of the date of this order;

3. The Clerk of Court shall return to Plaintiff the compact disc submitted on August 31, 2016; and

4. The Clerk of Court shall send Plaintiff copies of ECF Nos. 35 and 87.

IT IS SO ORDERED.

Dated:  September 14, 2016

SENIOR DISTRICT JUDGE