UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. MIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY KING, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-00823-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION REQUESTING NEW PRISONER WITNESSES**<br><br>**(ECF No. 110)** |

Before the Court is Plaintiff's December 16, 2016 motion requesting the attendance of new detained witnesses at trial (ECF No. 110), and an addendum thereto (ECF No. 112). Defendants filed an opposition. (ECF NO. 113.) Plaintiff filed a reply. (ECF No. 118.) The matter is submitted. Local Rule 230(*l*).

**I.　PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Cunningham and Saloum on Plaintiff's Fourteenth Amendment failure to protect claims. The allegations arise out of an April 27, 2013 incident in which Plaintiff was attacked by Mr. Jackson, a fellow detainee at Coalinga State Hospital ("CSH"). Trial is set for January 10, 2017.

Plaintiff filed an amended pretrial statement on September 28, 2016. (ECF No. 94.) Plaintiff requested the attendance of three civil detainee witnesses at trial. (ECF No. 51.) This request was granted. (ECF No. 54.) Transportation writs have issued to secure the witnesses' attendance. (ECF Nos. 100-102.) Plaintiff also previously indicated his intent to call Michael Shaffran as a voluntary, unincarcerated witness at trial. (ECF No. 94.) Plaintiff was advised that he bears sole responsibility for ensuring Mr. Shaffran's attendance. (ECF No. 35.)

The Court issued an amended pretrial order on October 12, 2016, listing Plaintiff's proposed witnesses. (ECF No. 96.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998). In evaluating a motion to amend a pretrial order a district court should consider four factors: (1) the degree of prejudice or surprise to the defendant if the order is modified; (2) the ability of defendant] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing Byrd, 137 F.3d at 1132). After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay. Colvin v. United States, 549 F.2d 1338, 1340 (9th Cir. 1977). In such a case, "[a]ny injustice resulting from exclusion ... comes from [the defaulting party's] own failure properly to present his case." Id.

**III.     DISCUSSION**

    **A.     Witnesses Shaffran and Tolles**

Plaintiff indicates that Mr. Shaffran is no longer willing to testify voluntarily. Plaintiff instead wishes to call fellow detainee Peter Tolles to testify to statements made by Shaffran. These statements relate to alleged retaliation against Plaintiff for pursuing the instant action and a "code of silence" at CSH.

The Court concludes that the exclusion of testimony from Mr. Tolles will not result in manifest injustice. As Plaintiff has been advised (ECF No. 93), this action does not involve claims of retaliation. He provides no argument as to why such statements are relevant to the issue of whether Defendants knew, or should have known, that Mr. Jackson posed a risk to other patients at CSH. In any event, testimony by Mr. Tolles regarding statements made by Mr. Shaffran would constitute inadmissible hearsay. Accordingly, Mr. Tolles presence at trial would be of no discernable benefit.

Plaintiff's request to bring Mr. Tolles to trial will be denied.

    **B.     Witnesses Walker and Mendoza**

Plaintiff states that these witnesses recently have come forward with first-hand knowledge regarding the incident and are willing to testify voluntarily. In support, he submits declarations from each potential witness.

Walker's declaration states as follows. Mr. Jackson was a member and shot caller in the Black Guerrilla Family. He was regularly argumentative with other patients in the TV Room and disruptive of the TV schedule, but staff was unaware of this conduct. Most patients were afraid of Jackson but did not report their fears to staff. Such reports would be considered snitching and would result in physical harm from Jackson. At the same time, however, Walker states that Jackson stated in front of staff that he was "bad," violent, and a gang shot caller. Staff knew that Jackson played a loud boom box in the TV room and must have seen him standing over other, smaller inmates waiving his

3

1  hands. Walker was present on the date of the incident with Plaintiff and saw Plaintiff and
2  Jackson get into a dispute prior to the assault.

3  Mendoza states that, prior to the incident with Plaintiff, Mendoza himself was
4  assaulted by a different African American detainee, and that staff failed to protect him.
5  Like Walker, he states that Jackson tried to control the TV room and identified himself as
6  a gang shot caller. Jackson threatened patients, but this was not done in the presence of
7  staff. Mendoza saw other patients talking with staff and believes they were talking about
8  their fears of Jackson. Many patients were afraid of Jackson but would not report their
9  fears due to concerns about snitching. Plaintiff sat on Unit Advisory Council meetings
10 where staff (other than Defendants) were advised of concerns regarding Jackson's
11 threats and his attempts to control the TV Room.

12 Plaintiff states that he was previously unaware of these witnesses despite his best
13 efforts to ascertain who was in his housing facility at the time of the attack. The Court
14 notes that this matter has been pending for three and a half years. Defendants first
15 appeared in this action over three years ago. Discovery closed in August 2014, but
16 Plaintiff nonetheless was afforded an opportunity to pursue specific late discovery. (See
17 ECF Nos. 70, 80.) However, prior to the instant motion, Plaintiff did not identify these
18 witnesses or suggest that they or others would have information pertinent to his case.
19 While the Court does not find Plaintiff's conduct to be in bad faith, his attempt to identify
20 new witnesses less than a month before trial substantially prejudices Defendants.

21 Moreover, the Court is not convinced that the exclusion of these witnesses would
22 result in manifest injustice. Both proffered witnesses state that staff was unaware of Mr.
23 Jackson's conduct, while simultaneously stating that they were aware of his conduct.
24 Such testimony is obviously contradictory and does little to advance Plaintiff's position.
25 The witnesses also suggest Defendants should have inferred that Jackson was a threat
26 because some staff knew that he played a loud boom box and dominated the television
27
28

4

channels. Such testimony would appear to constitute expert testimony that these witnesses have not been qualified to provide. See Fed. R. Evid. 701, 702.

Accordingly, the request to bring these witnesses to trial will be denied.

## IV.   JUDICIAL NOTICE

Plaintiff's motion includes a request for judicial notice. It appears he wishes the Court to take judicial notice of the request itself. He also may intend to request judicial notice of the declarations accompanying his request.

These matters are not the proper subject of judicial notice. Fed. R. Evid. 201(b). The request will be denied.

## V.   CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's request for judicial notice and motion requesting new prisoner witnesses (ECF No. 110) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   January 4, 2017                              /s/ signature

SENIOR DISTRICT JUDGE